IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) STEVE WELLMAN and <br> (2) APRIL WELLMAN, <br><br> Plaintiffs, <br><br> v. <br><br> (1) USAA CASUALTY INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.  CIV-14-549-HE <br> ) <br> ) *(Removed from District Court* <br> ) *of Cleveland County* <br> ) *Case No. CJ-2014-623)* <br> ) <br> ) |

## NOTICE OF REMOVAL

Defendant USAA Casualty Insurance Company ("USAA CIC"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action pending in the District Court of Cleveland County, Oklahoma, to the United States District Court for the Western District of Oklahoma. The grounds for removal are as follows:

1. Plaintiffs commenced this action entitled *Steve Wellman and April Wellman v. USAA Casualty Insurance Company*, Case No. CJ-2014-623 (the "Action"), by filing a Petition with the District Court of Cleveland County, Oklahoma (the "Petition"), on May 20, 2014.

2. The Petition purports to state claims against USAA CIC for breach of contract (Count I), bad faith (Count II), and negligence (Count III). In each count, Plaintiffs seek against USAA CIC damages in an amount in excess of $75,000, exclusive of attorneys' fees, costs, and interest.

3. The Petition in the Action is attached as Exhibit 1. A copy of the Docket Sheet, Cleveland County, Case No. CJ-2014-623, is attached as Exhibit 2. USAA CIC is unaware of the existence of any process, pleadings, or orders other than the documents included in Exhibits 1 - 2. Moreover, there are no motions pending before the Cleveland County District Court in this matter, nor are any hearings currently set.

4. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because USAA CIC has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## I. USAA CIC has satisfied the procedural requirements for removal.

5. USAA CIC has not been served with the Petition in the Action. Because this Notice of Removal is being filed before service on USAA CIC, it is timely under 28 U.S.C. § 1446(b). *See Watanabe v. Lankford*, 684 F. Sup. 2d 1210, 1214-15 (D. Haw. 2010) ("[The defendant] did not have to wait until Plaintiffs served it with the Complaint and Summons before removing the case. . . . Although the deadline for removal is measured from the defendant's formal receipt of the complaint, there is no statutory requirement that a defendant must formally receive the Complaint before removing the case." (citations and footnote omitted)); *see also Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 11 (D.D.C. 2011) ("[F]ormal service is not required before removing a case." (collecting cases)).

6. Under 28 U.S.C. § 1446(a), the United States District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal from the

2

District Court of Cleveland County, Oklahoma, where the Action is pending. *See* 28 U.S.C. § 116(c).

7.  Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

**II. Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.**

8.  This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) between citizens of different states. Thus, the Action may be removed to this Court by USAA CIC pursuant to 28 U.S.C. § 1441(a).

**A. The amount in controversy requirement is satisfied.**

9.  It is apparent from the face of the Petition that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of interest and costs. *See* Ex. 1, Petition, ¶ 14 ("Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest."); Ex. 1, Petition, ¶ 20; Ex. 1, Petition, ¶ 33.

10.  The assertions regarding damages in the Petition are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. 28 U.S.C. § 1446(c)(2).

B.  **Complete diversity of citizenship exists between Plaintiffs and USAA CIC.**

11. USAA CIC is a corporation incorporated in Texas with its principal place of business in Texas. *See* Ex. 3, Declaration of Andrew J. Morris; *see also* Ex. 1, Petition, ¶ 2. For purposes of determining diversity jurisdiction, USAA CIC is therefore a citizen of Texas.[1]

12. Per the Petition, Plaintiffs are residents of Oklahoma. *See* Ex. 1, Petition, ¶ 1. Residence, while not equivalent to citizenship, is prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Domicile is equivalent to citizenship for purposes of diversity jurisdiction. *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Based on the foregoing and upon information and belief, Plaintiffs are citizens of Oklahoma.

13. USAA CIC reserves the right to amend or supplement this Notice of Removal.

14. USAA CIC reserves all defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

15. Written notice of the filing of this Notice of Removal will be given to Plaintiffs and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

---

[1] As pleaded in USAA CIC's Answer as an Affirmative Defense (which will be filed in conjunction with the Notice of Removal), USAA CIC is wrongly named as the Defendant-Insurer. The correct Defendant to Plaintiffs' lawsuit is USAA General Indemnity Company ("USAA GIC"). USAA GIC also is a corporation organized under the laws of Texas with its principal place of business in Texas. *See* Ex. 3, Morris Decl.

WHEREFORE, USAA CIC removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Respectfully submitted this 27th day of May, 2014.

*s/ Jodi W. Dishman*
Jodi W. Dishman, OBA # 20677
Andrew J. Morris, OBA # 31658
McAfee & Taft A Professional Corporation
211 North Robinson, 10th Floor
Oklahoma City, OK  73102
Telephone:   (405) 235-9621
Facsimile:    (405) 235-0439
E-mail:         jodi.dishman@mcafeetaft.com
                   andrew.morris@mcafeetaft.com

ATTORNEYS FOR DEFENDANT USAA CASUALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

Jeff D. Marr
Carole Dulisse

ATTORNEYS FOR PLAINTIFFS

Additionally, I hereby certify that a true and correct copy of the above and foregoing was sent by U.S. Postal Service this 27th day of May, 2014, to:

Jeff D. Marr
Carole Dulisse
MARR LAW FIRM
4301 SW Third St., Ste. 110
Oklahoma City, OK 73108

ATTORNEYS FOR PLAINTIFFS

/s/ Jodi W. Dishman
Jodi W. Dishman