STATE OF OKLAHOMA }  
CLEVELAND COUNTY } S.S

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

FILED

MAY 20 2014

In The Office of the
Court Clerk RHONDA HALL

| | |
|---|---|
| STEVE WELLMAN and APRIL WELLMAN, | ) |
| Plaintiffs, | ) |
| versus | ) Case No. CJ-2014-6931 |
| USAA CASUALTY INSURANCE COMPANY, | ) |
| Defendant. | ) |

## PETITION

COME NOW the Plaintiffs, Steve Wellman and April Wellman (hereinafter "Plaintiffs"), for their claims against Defendant, USAA Casualty Insurance Company (hereinafter "USAA"), states as follows:

1. Plaintiffs are a residents of Cleveland County, Oklahoma.

2. Defendant USAA is a corporation incorporated under the laws of the State of Texas.

3. Plaintiffs entered into a contract of insurance with Defendant USAA to provide coverage for their residence, household contents, and personal property. Plaintiffs' insured property is located in Cleveland County, Oklahoma.

4. Thereafter, Defendant USAA issued the Homeowners Policy of insurance (Policy No. 026847386) to the Plaintiffs.

5. USAA represented to the Plaintiffs, directly and through its agents that it would conduct itself in accordance with Oklahoma law and would fully and fairly investigate and pay claims. Plaintiffs relied on said representations.

6. On or about the 20th day of May, 2013, and May 31, 2013, Plaintiffs' property, which was insured by the subject homeowners policy of insurance, was heavily damaged as the direct result of a catastrophic tornadoes.

EXHIBIT 1

7. Consequently, Plaintiffs properly and timely submitted a claim to Defendant USAA for the property damage resulting from the May 20, 2013, tornado.

8. Defendant USAA confirmed Plaintiffs' property had in fact sustained direct physical damage as a result of catastrophic tornadoes which occurred on or about the 20th day of May, 2013, and May 31, 2013, and that said loss was covered under the terms and conditions of Plaintiffs' homeowners policy with USAA.

9. Subsequently, Defendant USAA paid portions of Plaintiffs' claim based on its purported investigation and estimate.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

10. Plaintiffs entered into a contract of insurance with Defendant USAA to provide coverage for their dwelling and personal property. The Homeowners Policy with Defendant USAA was in full force and effect at all material times hereto.

11. Plaintiffs provided proper and timely notice to Defendant USAA of their claims arising from the catastrophic tornadoes of May 20, 2013 and May 31, 2013.

12. Plaintiffs have in all material ways, complied with the terms and conditions of the policy.

13. Defendant USAA, however, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiffs by failing to pay Plaintiffs all benefits to which he is entitled under the terms and conditions of the policy.

14. As a result of Defendant USAA's breach of contract and other wrongful conduct, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in

an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## SECOND CAUSE OF ACTION
## BAD FAITH

Plaintiffs adopt and re-plead paragraphs 1 through 14 above, and for their claim against Defendant USAA further allege as follows:

15. Defendant USAA owed a duty to Plaintiffs to deal fairly and in good faith.

16. Defendant USAA breached its duty to deal fairly and in good faith by engaging in the following acts and omissions:

   a. failing to pay the full and fair amount for the property damage sustained by Plaintiffs from the May 20, 2013, and May 31, 2013, tornadoes in accordance with the terms and conditions of their insurance policy;

   b. failing to pay all additional coverages due and owing to Plaintiffs under the terms and conditions of their homeowners policy of insurance, thereby unfairly and without valid basis, reducing the fair amount of Plaintiffs' claim;

   c. purposefully, wrongfully and repeatedly withholding pertinent benefits, coverages and other provisions due Plaintiffs under the terms and conditions of their insurance policy in violation of the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16;

   d. purposefully, wrongfully and repeatedly failing to communicate all coverages and benefits applicable to Plaintiffs' claim;

   e. forcing Plaintiffs to retain counsel to recover insurance benefits to which they are entitled under the terms and conditions of the insurance contract;

   f. failing to conduct a fair and objective investigation of the damage to Plaintiffs' home;

and,

    g.    intentionally engaging in outcome-oriented investigation.

17.    Defendant USAA's obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code. USAA's failure to implement and/or follow Oklahoma's statutory Insurance Code constitutes bad faith.

18.    The conduct of Defendant USAA, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties.

19.    As a direct result of Defendant USAA's bad faith, Plaintiffs' claim was unnecessarily delayed, inadequately investigated, and wrongly underpaid. Said actions resulted in additional profits and financial windfall for Defendant USAA.

20.    As a result of Defendant USAA's conduct, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

21.    Defendant USAA's conduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiffs, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

22.    Plaintiffs further allege Defendant USAA enjoyed increased financial benefits and ill-gotten gains as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiffs.

### THIRD CAUSE OF ACTION
### NEGLIGENCE

Plaintiffs adopt and re-plead paragraphs 1 through 22 above, and for their additional claims against Defendant USAA do hereby and further allege as follows:

23. At the time the policy was sold, Defendant had a duty and were obligated to utilize reasonable valuation methodology to determine the costs which Defendant considered necessary to cover the replacement cost of Plaintiffs' dwelling. Defendant was then prohibited from writing more insurance than they considered necessary to cover the replacement cost of Plaintiffs' dwelling as determined at the time the subject policy was written.

24. Thereafter, Defendant owed a duty to Plaintiffs to exercise good faith, reasonable care, skill and expertise in the underwriting analysis to ensure the insurance policy provided appropriate and adequate coverage once the insured-insurer relationship was established.

25. Defendant breached their duties to Plaintiffs to exercise good faith, reasonable care, skill and expertise in failing to establish an accurate and consistent methodology for calculating the replacement cost of Plaintiffs' dwelling.

26. Defendant's breach resulted in both inconsistent and inaccurate replacement cost valuations resulting in Plaintiffs having policy limits and corresponding premiums which did not accurately reflect the risks insured.

27. Defendant further breached their duties by automatically applying USAA's yearly inflationary adjustments which were used to automatically increase Plaintiffs' policy limits and premiums, without any regard to whether or not the provision was necessary considering the dwelling's current valuation.

28. The conduct and inconsistencies referenced herein violates Defendant's duties of good faith dealing implicit in the contract of insurance with Plaintiffs.

29. Defendant's obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code. Defendant's failure to implement and/or follow Oklahoma's statutory Insurance Code also constitutes bad faith. Defendant's conduct referenced herein

5

constitutes a breach of this duty of good faith which is inherent in all contracts within the State Of Oklahoma.

30. Defendant's failure to procure the proper insurance product morally and legally requires it be held to a duty of reasonable care, and that the burden of the resulting liability for the breach of this duty be imposed upon it. This duty exists due to the forseeability of the harm to Plaintiffs which could occur as a result of USAA's negligence in failing to procure insurance which appropriately represented the risk it assumed; the procurement of improper insurance is the direct cause of the harm and injury suffered by Plaintiffs; and the moral blame for the failure to procure and underwrite the correct policy lies with the Defendant. Further, the burden on the Defendant of imposing a duty to exercise care in procuring and underwriting the correct policy for the needs of the insured (with resulting liability for breach) is minimal, given the purported expertise of the Defendant, and its' representations that it is an expert in the field of providing insurance coverage to the general public, such as Plaintiffs.

31. Plaintiffs relied on the Defendant to conduct an appropriate underwriting analysis to ensure and maintain an insurance policy which provided appropriate coverage.

32. The Defendant breached its' duty owed to Plaintiffs by failing to conduct an appropriate underwriting analysis which resulted in issuing a policy of insurance to Plaintiffs that did not provide appropriate coverage to Plaintiffs for their home and personal property.

33. As a result of the Defendant's conduct, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

34. The conduct of Defendant was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiffs, and/or was grossly negligent, and is sufficiently egregious

in nature so as to warrant the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs pray for judgment in their favor and against Defendant, USAA Casualty Insurance Company for:

a) Payment for all contractual benefits for all coverages afforded to Plaintiffs under the subject homeowners policy of insurance for damage to their property caused by the May 20, 2013, and May 31, 2013, tornadoes, with interest on all amounts due;

b) Compensatory damages for intentional infliction of emotional distress and mental pain and suffering;

c) Disgorgement of the increased financial benefits derived by any and/or all of the Defendant as a direct result of the Defendant's wrongful conduct;

d) Actual and punitive damages each in an amount in excess of $75,000.00; and,

e) Prejudgment interests, costs and attorneys' fees.

Respectfully submitted,

*(signature)*

JEFF D. MARR, OBA No. 16080
CAROLE DULISSE, OBA No. 18047
MARR LAW FIRM
4301 Southwest Third Street
Suite 110
Oklahoma City, Oklahoma 73108
Telephone: (405) 236-8000
Facsimile: (405) 236-8025
Email: jeffdmarr@marrlawfirm.com
         cdulisse@marrlawfirm.com
*Attorneys for Plaintiffs*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**